13659

MAYRANT v. NATIONAL BANK OF SOUTH CAROLINA OF SUMTER

(170 S. E., 140)

*Messrs. Purdy & Bland,* for appellant,

*Mr. L. D. Jennings,* for respondent,

July 7, 1933.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

This is an action for damages for false imprisonment arising out of the following conceded or undisputed facts: In 1930, the defendant bank owned a large tract of land

about eight miles east of the City of Sumter, known as the "Brunson place," on which one M. F. Haddock lived as renter. On March 4 of that year a fire, the origin of which was a disputed matter, burned over a considerable portion of the woodland near the home of Haddock. On the morning of the same day, the plaintiff and a companion named Dorn, two negroes, left Sumter on a fishing trip; their destination being a creek which was reached by a road that ran through a part of the bank's lands. On March 5 Haddock, who claimed that these negroes set the fire, went to the City of Sumter and requested W. J. Seale, chief of rural police, to arrest them for the alleged offense. No warrant was issued; but Seale, in compliance with the request, and accompanied by Haddock, went to the creek and arrested plaintiff and his companion and placed them in jail at Sumter. Thereafter, on the same day, Haddock called up C. G. Rowland, president of the bank, and told him what had happened, whereupon Rowland went to the office of a magistrate in the City of Sumter and made an affidavit, upon which a warrant was issued, charging the plaintiff and Dorn with having burned, as claimed by Haddock, the woodland on the "Brunson place." A new warrant and affidavit were subsequently prepared by the bank's attorney, more fully charging the alleged offense, the president of the bank also signing this affidavit before the magistrate. Later in the day, a preliminary hearing was had and the two men were held for the Court of General Sessions. This was on Tuesday, and they remained in jail until the following Friday, when they were released on bond. At the Court of Sessions the grand jury, on the charge made, found, "No Bill."

This action, as we have indicated, was then brought for false imprisonment. The defendant, on trial of the case, made a motion for a directed verdict on the following grounds, which are renewed here by the exceptions:

"There is not any evidence to show any agency between Mr. Haddock and the bank giving him the right to arrest the

plaintiff (if he made such arrest), but if he was in any sense the agent of the bank and made the arrest or took part in it, the bank would not be liable unless Haddock at that time was acting within the scope of his agency.

"There is no evidence that the bank ratified the act of the unlawful arrest of the plaintiff."

The motion was denied, and the jury found for the plaintiff $150.00.

With regard to the contested question of agency, Haddock testified at the preliminary hearing before the magistrate as follows: "I live on the old Brunson place, in Sumter County, S. C. Was living there the 4th day of March, 1930. Was put in possession of same by C. G. Rowland for the National Bank of South Carolina." He testified in the present case, however, that he did not have possession of the whole place, and attempted to explain what he had sworn to at the preliminary hearing by saying that he meant possession under his rental contract—that is, that he was in possession of that part of the place, about eighteen acres—which he had rented from the bank. The affidavit of C. G. Rowland, the president of the bank, upon which the warrant was based, was as follows: "Personally appeared before me, Thos. S. Sumter, a Magistrate of said County and the said State, C. G. Rowland, who, being duly sworn, says, that in the County and State aforesaid on or about the 4th day of March, 1930, as he alleges on information and belief, which information is derived from M. F. Haddock, Gus Mayrant and Norman Dorn did wilfully and maliciously set fire to and burn grass, brush and other combustible matter on the land of The National Bank of South Carolina of Sumter, so as thereby the woods on said land were set on fire. The said land is in possession of the said bank by M. F. Haddock, and the land was recently the home place of Louisa W. Brunson, and adjoins land of J. A. Frierson and others."

While we think that it is fairly inferable from the evidence that Haddock, in his possession of the property, or a

portion of it as a renter, was the agent of the bank for some purposes, we are not inclined to the view that such possession carried with it the authority to criminally prosecute, as such agent, one who might trespass upon or do damage to the property. However, we are of opinion that the question of the bank's ratification of plaintiff's illegal arrest and detention, under the testimony, was properly submitted to the jury.

In 25 C. J., 499, we find the following: "One who subsequent to an illegal arrest aids or encourages a continued detention becomes liable; and this is so, although the injured party may have been arrested without such other person's knowledge or consent, if the illegal restraint continues with the direction, advice, and assistance of such party."

It appears from the record that the president of the bank knew, as the matter had been called to his attention by Haddock, that the plaintiff was in jail charged with burning or setting fire to the bank's woodland on March 4, and that he had been arrested for the alleged misdemeanor, at the instance of Haddock, on the day following the burning, without a warrant. The bank did not repudiate the illegal acts of Haddock in the making or procuring of the arrest. On the contrary, in aid of plaintiff's detention, it issued two warrants, based upon the same alleged acts of the respondent for which he was then being illegally held. The issuance of these warrants by the defendant, which was an attempt to detain plaintiff on a valid process while the status of his illegal arrest existed, and before he was restored to the condition in which he was at the time of his unlawful arrest, was some evidence, as we have stated, to take the case to the jury on the bank's ratification of his illegal detention.

The exceptions are overruled, and the judgment of the Circuit Court is affirmed.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES CARTER and BONHAM concur.